G. B. GARRISON AND ANOTHER v. KING'S ADMINIS-TRATOR.

1. Being sued on notes by an administrator, defendants answered that the notes were given to plaintiff's intestate in his lifetime in considera-tion for a certain house and lot; that the intestate had no title, and never acquired any, nor ever made defendants a deed; that in conse-quence thereof, the intestate and defendants agreed to cancel the contract; and that his administrator, the plaintiff, was not able to make title to the property. *Held*, that the answer set up a good de-fense, and it was error to sustain exceptions to it for insufficiency.

2. It was not error to exclude the testimony of one of the defendants, offered for the purpose of proving the loss and contents of a receipt alleged to have been given by the plaintiff's intestate. That fact might have been proved by a disinterested witness; but the proof of a defendant was properly rejected, under the second section of the act of May 19, 1871.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The opinion indicates the facts.

*W. Stedman* and *Martin Casey*, for the appellants.

No brief for the appellee.

WALKER, J.—This was an action commenced in the District Court of Rusk county, on two promissory notes made by the appellants to one W. G. King, deceased.

Defendants plead a general denial, and payment to the intestate King.

The cause was tried at the June Term, 1868, by a jury, and a verdict returned in favor of plaintiff for nine hundred and five dollars.

On motion of defendants, a new trial was granted; and at the August Term, 1868, the defendants amended their answer, averring that the notes sued on were given to W. G. King, in his lifetime, in consideration for a certain house and lot in the town of Caledonia, in the county of Rusk; and they further aver that at the time of the execution of said notes, King had no title to said house and lot, and that he never obtained a title in his lifetime, and never made the defendants a deed; but that, a short time previous to the death of King, he agreed with one of the defendants, C. B. Garrison, that by reason of his having failed to make title for said house and lot, the contract concerning the sale should be given up, together with the notes sued on.

To this amended answer the plaintiff demurred and excepted. At the December Term, 1870, the court sustained the demurrer and exception. No error is assigned to this ruling of the court, and we are at some loss to know why the further consideration of this defense seems to have been dropped from the record.

The answer was, to all intents and purposes, a good plea in bar to the action. If the consideration for the execution of the notes was the making of title to certain real estate, and King was unable to make the title, and his administrator had tendered no title at the commencement of the suit, the notes were, so far as between parties and privies, of no binding effect or validity whatever. Equity would have set them aside, and declared them void. And it is a maxim, what equity requires to have been done, is done.

The judgment of the court should be reversed on this ground alone.

The evidence of one of the defendants, to prove the contents of a lost receipt, said to have been given by King, was properly rejected under the second clause of the act of May 19, 1871. The same fact might have been proved by disinterested witnesses.

It was error in the court to refuse the evidence going to prove the declarations of King to the payment of the notes. It was also error in the court to reject the evidence tending to prove King's handwriting, charging himself with goods purchased from the defendant.

For these errors the judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.