JOHN W. BLACKMAN, JR., V. WILLIAM SCHIERMAN, EXECUTOR.

Decided June 3, 1899.

1. **Action to Remove Cloud from Title—Cancellation of Deed by Executor.**

An executor may maintain an action to cancel his testator's deed as a cloud upon title on the ground that the conveyance of the land was never consummated because there was no delivery of the deed, and the pretended grantee never accepted the conveyance or acquired possession of the land, although the deed was intended for the purpose of defrauding the grantor's creditors.

2. **Same—Evidence Beyond Common Source.**

The admission of evidence of the common grantor's title beyond the common source is not prejudicial error in an action by an executor to cancel his testator's deed for want of delivery and of its acceptance by the grantee, where the pivotal issue in the case was as to such delivery and acceptance.

3. **Same—Declarations of Deceased Grantor.**

Declarations of the testator that he executed a deed to his nephew in order to cover the property up from the holders of notes on which he was surety for the time being, and that it might not become necessary to give the property to his nephew, are admissible in an action by the executor to cancel the deed as a cloud upon title on the ground that there was no delivery of the deed and no intention that title should thereby be passed.

4. **Evidence—Transactions with Decedent.**

A grantee is incompetent, under Revised Statutes, article 2302, to testify, in an action against him by the executor of the grantor to avoid a deed for want of delivery and of acceptance by the grantee, that in reply to a letter from the grantor he stated he would accept the latter's offer to deed him the property.

5. **Deed—Acceptance—Presumption.**

The acceptance by a grantee of a deed will not be presumed where the evidence makes it a doubtful issue of fact.

6. **Same—Recording Is Not Delivery.**

The recording of a deed on the suggestion of a notary, without the knowledge or consent of the grantor, is not the latter's act, and will not be given the effect of a delivery of the deed.

7. **Judgment for Land in Suit to Remove Cloud from Title.**

A judgment awarding a recovery of real property is authorized under a petition to cancel a deed and remove a cloud, to quiet title and for general relief, where in the answer an affirmative claim to title is set up and a recovery of the land is sought thereunder.

APPEAL from Navarro. Tried below before Hon. L. B. COBB.

*John H. Rice,* for appellant.

*C. W. Croft,* for appellee.

FINLEY, CHIEF JUSTICE.—On June 6, 1898, appellee instituted this suit in the District Court of Navarro County to cancel a deed made by his

testator, James Cosgrove, to appellant.   Appellee's original petition alleges in substance that on March 10, 1896, his testator, Cosgrove, made and executed a pretended deed from himself to appellant, by which he for a recited valuable consideration pretended to convey to appellant seventy-five acres of land in Navarro County; that in fact the deed was without consideration, but that Cosgrove, imagining that his land would be levied on to satisfy some security debts he had incurred, pretended to make the sale of the land to appellant for the purpose of hiding and covering up the land, believing appellant would never claim it.   That Cosgrove never intended to give the land to appellant, but only notified him he had made such a deed.   That appellee without the knowledge of Cosgrove had the deed recorded, and then gave it to Cosgrove, in whose possession it remained until the death of Cosgrove, when it came into appellee's possession as his executor, and that neither the deed nor the land was ever delivered to appellant by either Cosgrove in his lifetime or appellee since his death.   That the deed was never intended to pass the title.   That the security notes which Cosgrove feared he would have to pay were settled by compromise, wherefore the contingency by which the title might have passed to appellant, never happened.   That since Cosgrove's death appellant is claiming and trying to sell the land.   That he never asserted any claim to the land prior to Cosgrove's death, etc. The prayer of the petition is that the deed be canceled and appellee's title to the land be quieted, etc.

The appellant's answer presented (1) a general demurrer; (2) a general denial; (3) a special answer alleging that the deed in question was made, acknowledged, and filed for record by said Cosgrove in good faith and upon a valuable and good consideration, viz., to recompense appellant for money he expended for medical attention and medicines for Cosgrove during his serious illness at appellant's house in New Orleans in 1892, and in testimony of his gratitude to his nephew, appellant, for the care, kindness and nursing shown and given him by appellant during said sickness.   That Cosgrove wrote appellant that he had deeded him the land and that appellant wrote Cosgrove accepting the conveyance.   (4)   Appellant also by cross-bill made Margaret J. Schierman, wife of appellee, a party, alleging that she was the sole devisee under the will of Cosgrove, and by the cross-action sued appellee and his wife for the land in trespass to try title.

Mrs. Schierman answered appellant's cross-action by plea, "not guilty."   The trial terminated in a verdict and judgment for plaintiff, from which the defendant has appealed.

The evidence was sufficient to justify the jury in finding the existence of the following facts, which we, in support of the verdict, conclude were established by proof upon the trial:

(1)   James Cosgrove was the common source of title.

(2)   James Cosgrove was surety for the debt of his son-in-law, William Schierman, and becoming fearful that an attempt would be made to force him to pay this debt and for the purpose of defeating any such effort, he

made a deed to his nephew, John W. Blackman, Jr., purporting, for a valuable consideration, to convey the land in question.

(3) No consideration was in fact paid for the land. Some years previous, Cosgrove was sick at Blackman's house, received at the latter's hands kind and affectionate treatment, and the expense, including $25 physician's bill, was paid by Blackman. Blackman was not reimbursed by Cosgrove for this expenditure. It was not intended that the title to the land should pass by the deed; the deed was never delivered; Blackman was not given possession of the land, and made no claim to it until after the death of Cosgrove.

(4) William Schierman paid off or discharged the debt for which Cosgrove was surety and the contingency never arose for the creditors to enforce payment by Cosgrove, the surety.

·(5) Cosgrove notified Blackman by letter of the making of the deed, Blackman then residing in New Orleans, La., and Cosgrove in Navarro County, Texas; but it was not shown that there was any acceptance of the conveyance by Blackman.

(6) The deed was recorded soon after its execution, but William Schierman caused this to be done without the knowledge of Cosgrove, and did not inform him of the fact that it was recorded. Cosgrove acknowledged the deed and left it with the notary to affix his certificate of acknowledgment. He sent Schierman for the deed afterward, and, thinking it should be recorded, Schierman had this done.

(7) Cosgrove died testate; William Schierman was constituted independent executor of the estate, accepted and qualified as such, and Mrs. Schierman was made sole devisee in the will.

(8) It was not shown that the estate owed any debts.

*Opinion.*—1. The overruling of the general demurrer to the petition is first assigned as error. Under this assignment the legal proposition is urged, that the law will not permit the executor to avoid his testator's deed by showing that it was made for a fraudulent purpose; citing as support Danzey v. Smith, 4 Texas, 412. The case cited holds that the heirs can not impeach the deed of the ancestor under whom they claim upon the ground that the conveyance was without consideration and made merely for the purpose of putting the property out of the reach of creditors. The discussion indicates that the same rule would apply to a suit prosecuted by an executor or administrator for the sole benefit of heirs or devisees, and later cases have expressly held that an executor or administrator can not impeach such a conveyance. Cobb v. Norwood, 11 Texas, 556; Connell v. Chandler, 13 Texas, 5; Wilson v. Demander, 71 Texas, 605. That case does not decide the question which arises upon the facts alleged and proven in this case. The ground upon which the deed in question is sought to be canceled, as a cloud upon title, is that the conveyance of the land was never consummated, because there was no delivery of the deed, and the pretended grantee never accepted the conveyance or acquired possession of the land. Where no question of fraud is

involved, it is well settled that a delivery of the deed is essential to render the sale of land complete and effective. Hubbard v. Cox, 76 Texas, 239; Steffian v. Bank, 69 Texas, 513; McLaughlin v. McManigle, 63 Texas, 553.

In Hunt v. Butterworth, 21 Texas, 133, it is held that a fraudulent gift, not consummated by delivery of the deed in the lifetime of the donor, the latter dying in possession, the property is assets in the hands of the administrator, and he may maintain an action for its recovery. Mr. Justice Wheeler, delivering the opinion of the court, recognizes the general rule that a fraudulent conveyance binds the grantor and privies, but also states and establishes limits or exceptions to this rule. This case comes within the exception, that where the fraudulent gift has not been consummated by delivery of the deed, the administrator or heir may maintain a suit for a recovery of the property. The court did not err in overruling the general demurrer.

2. The court permitted William Schierman to testify, over objection of appellant, that when Cosgrove executed the deed to Blackman, he, Schierman, owed some notes on a gin and Cosgrove was surety upon said notes. The court also permitted C. W. Croft, Esq., to testify, over appellant's objection, that when Cosgrove acknowledged the deed before him as notary, he asked Cosgrove why he was making the deed, and Cosgrove replied that he was surety on some notes of William Schierman, his son-in-law, and he feared his land might be levied on by the holders of the notes, and he was putting the land in his nephew's name in order to cover it up from the holders of such notes for the time being, and that it might not become necessary to give this land to his nephew.

The second and third assignments of error, based upon the admission of this evidence, are presented together, and under them the single legal proposition is urged, that where the rights of creditors are not involved equity will not permit the grantor, nor his executor, to invalidate such a deed by proving that the grantor made the deed for the purpose of hindering, delaying, or defrauding his creditors. This general proposition has already been considered and need not be further discussed. The evidence was material and admissible, in connection with other evidence tending to establish the allegation that there was no delivery of the deed, and no intention that title should thereby be passed. Had the uncontroverted evidence shown an executed conveyance, a different rule would obtain. A mere unexecuted intention to commit a fraud is not placed under the same ban of the law as a consummated act of fraud. In an action to set aside an alleged fraudulent conveyance, it has been held that delivery of the deed must be alleged. Daerflee v. Schmidt, 64 Cal., 265. The law deals with acts, not mere unconsummated intentions.

3. The fourth assignment raises the question of the admission of improper evidence. Over the objection of irrelevancy and immateriality, the court permitted the plaintiffs to introduce in evidence these instruments: "(1) Deed from Parmalee and wife to James Cosgrove, dated June 13, 1862, conveying 1301 acres of the W. M. Love survey in Na-

varro County, for a recited consideration of $6000 cash. (2) Deed from James Cosgrove to John W. Blackman, Sr., dated December 28, 1868, conveying 480 acres of land of said survey, for recited consideration of $1200 cash. (3) Deed from James Cosgrove to William Croft, conveying 320 acres of said survey for a recited consideration of $700. (4) Power of attorney from John W. Blackman, Sr., and wife to James Cosgrove, dated June 2, 1875, empowering Cosgrove to sell and make deeds to grantor's land in Navarro County, out of the Love survey. (5) Deed from Blackman, Sr., by James Cosgrove's attorney, to Margaret J. Cosgrove, dated August 31, 1880, conveying 160 acres of the Love survey for consideration of grantee's three notes for $266 each. (6) Deed from Margaret J. Cosgrove to James Cosgrove, dated March 13, 1886, conveying 535 acres of the Love survey, consideration being cancellation of the notes of Margaret J. Cosgrove, given to James Cosgrove. (7) Deed from John W. Blackman, Sr., by James Cosgrove's attorney, to Margaret J. Cosgrove, dated May 23, 1879, conveying 380 acres of the Love survey, for a consideration of $2000 in five notes of $400 each. (8) Deed from William Croft to William Young, dated December 26, 1874, conveying 160 acres of the Love survey, for consideration of $880 cash. (9) Deed from John W. Blackman, Sr., to James Cosgrove, conveying grantor's interest to whatever lands the records of Navarro County show him to be entitled to in said county, for consideration of $1 and other considerations valuable in law, dated October 8, 1894."

There is no legal proposition pointing to any specific element or elements common to these instruments upon which the objection is based. It is merely announced, that "the admission of improper evidence, which may have improperly influenced the jury, is cause for reversal." We are left to conjecture as to the real question intended to be presented for decision. This matter of presenting for revision the rulings of the trial court upon the admission of evidence is quite unsatisfactory. Cobb v. Norwood, 11 Texas, 556. The land in question in this suit is seventy-five acres out of the M. Love survey, and all these instruments relate to the title of this survey or parts of it. It is true that James Cosgrove was clearly the common source of title, and that it was not necessary to go back of the common source; but because a common source is shown, it is certainly not material error to admit a deed in plaintiff's chain of title beyond the common source. We think it manifest from the record that appellant sustained no injury from this evidence. The real issue in the case under the evidence and charge of the court was, whether there was an executed conveyance of the land in suit by James Cosgrove to John W. Blackman, Jr. The uncontroverted evidence showed that the deed itself was never actually delivered, and that it was put to record without the authority or consent of the grantor. The evidence showed that Cosgrove notified Blackman by letter that he had made the deed, and there was an issue in the evidence whether Blackman accepted the conveyance. Upon this point the court instructed the jury that if Blackman did accept it, that the deed became effectual to bind the grantor, and his executor could

not recover. This was the pivotal issue of fact, and we can not see how the deeds in question under this assignment could have affected such issue to appellant's hurt. We hold that the assignment should not be sustained.

4. The answer of John W. Blackman, Jr., to the twenty-third interrogatory was excluded upon objection of plaintiff, and this ruling is assigned as error. The answer was to this effect: "I distinctly remember in my reply to Mr. Cosgrove's letter of July 7th that I stated or intimated that I would accept his offer to deed me this land." Notice had been given the plaintiff to produce this letter and he had not done so. It is believed that this evidence is inhibited and rendered incompetent by article 2302 of the Revised Statutes. Garrison v. King, 35 Texas, 183.

5. The sixth and seventh assignments complain of the charge of the court to the effect that if Blackman did not accept the conveyance during the lifetime of Cosgrove, plaintiff should recover. It is first urged under these assignments, that such acceptance should be presumed. The evidence made it a doubtful issue of fact, and in this respect the charge was not error. Hubbard v. Cox, 76 Texas, 239; Steffian v. Bank, 69 Texas, 513. It is next insisted that the deed is in the nature of a testamentary disposition of real estate, and not having been revoked by the grantor in his lifetime, inured to appellant's benefit on the death of the grantor. It is sufficient to say of this proposition that there is no evidence upon which it can properly be based.

6. The eighth assignment challenges the verdict as contrary to the charge as applied to the facts. This assignment is not sustained by the record. Under this assignment we will notice the matter of the recording of the deed, although this point is not directly raised by the assignment. As previously stated, the deed was caused to be recorded by Schierman on the suggestion of the notary without the knowledge or consent of the grantor. The recording of a deed under such circumstances was not the act of the grantor, and should not be given the effect of a delivery of the deed. Culmore v. Genove, 24 S. W. Rep., 83.

7. The last assignment objects to the form of the judgment, because it awards a recovery of the land. The prayer of the petition is for concellation of the deed, removal of cloud, quieting title, and for general relief. Appellant set up affirmative claim to title and sought a recovery of the land. The judgment rendered was authorized by the pleadings.

We find no error in the judgment, and it will be affirmed.

*Affirmed.*