## N. S. McCartney v. S. J. McCartney.

### No. 867. Decided February 19, 1900.

1. **Cancellation of Deed—Execution—Delivery—Question for Jury.**

In a suit by a husband against his wife to cancel deeds of land to her on the ground that they were not executed and delivered for the purpose of a conveyance, but only for the purpose of being read to her to relieve her mind, then under insane delusion as to threatened destitution,—see evidence held sufficient to require submission of plaintiff's case to the jury and render a peremptory instruction to find for defendant erroneous. (Pp. 361-363.)

2. **Same.**

The issue in such case is upon the execution of the instruments and not as to their effect; and it is not controlled by the principle that parol evidence is inadmissible to show that a deed executed and delivered was not intended to pass title. (P. 363.)

3. **Same—Husband and Wife—Deed—Delivery.**

While actual delivery of a deed to the grantee can not be shown by parol evidence to have been in escrow, a deed by the husband intended to invest the wife with title need not be actually delivered to her,—the husband having custody of the wife's title papers and management of her property,—but the husband's signing, reading, acknowledging, recording, and retention of it in such case would have the effect of delivery only where the intention to pass title existed, being but evidence of such intent, subject to be overcome by other evidence. (Pp. 363, 364.)

4. **Deed—Description—Evidence—Question for Jury.**

A conveyance of "the farm on which we now live" could be sustained by parol evidence identifying it; and the question whether several adjacent tracts, rented to tenants, were included was one for the jury to decide from the evidence, and not to be determined by the judge from the fact that a subsequent attempted correction of the description included all the tracts. (Pp. 364, 365.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

The suit was brought by N. S. McCartney against S. J. McCartney, his wife, to cancel a deed. Judgment was given for defendant, and this was affirmed on appeal by plaintiff who then obtained writ of error.

*Cox & Meek, Cunningham, Cunningham & McCollum,* and *Clark & Bolinger,* for appellant.—The question of the delivery of a deed is one of intention, and the rule is that the delivery is complete when there is an intention manifested on the part of the grantor to make the instrument his deed. And a deed does not become operative until it is delivered with the intent that it shall become effective as a conveyance; and whether such intent actually existed is a question of fact, to be determined by the circumstances of the case, and can not be declared a matter of law. And it may be shown by parol evidence that a deed in the possession of the grantee was not delivered. Steffian v. Milmo Nat. Bank, 69 Texas, 513; Brown v. Brown, 61 Texas, 56; Lewis v. Ames, 44 Texas, 319; Walker v. Renfro, 26 Texas, 144; Van Hook v. Walton, 28 Texas, 73; McLaughlin v. McManigle, 63 Texas, 556; Taylor v. Insurance Co., 39 S. W. Rep., 185; Devlin on Deeds, secs. 262, 264, 269, 290, 295; 9 Am. and Eng. Enc. of Law, (2 ed.), 153, note 3, 154, note 1, 159 (7), b., 160, note 1; 1 Greenl. on Ev., 329, secs. 284, 568a, note 8; 17 Am. and Eng. Enc. of Law, 437, 438.

In order to pass title delivery of a deed must be voluntary and with the intention that same shall become operative; and where a deed is executed for a special purpose and without intention on the part of the grantor that it shall become operative, the grantee acquires no title thereby. Steffian v. Milmo Nat. Bank, 69 Texas, 518; Brown v. Brown, 61 Texas, 56; 1 Devlin on Deeds, secs. 262, 269, 290, 294, 295; 9 Am. and Eng. Enc. of Law (2 ed.), 153, 154.

*John S. Patterson,* Guardian ad litem, and *Baker & Ross,* for appellee. If a grantor capable of contracting, executes and delivers to the grantee a deed, based upon a good or valuable consideration free from accident, fraud, or mistake, he can not afterwards contradict the recitals in the deed or nullify it by evidence of his secret undisclosed intention in executing or delivering the same. Lott v. Kaiser, 61 Texas, 665; Gray v. Shelby, 83 Texas, 405; Ladd v. Farrar, 17 S. W. Rep., 55; Walker v. Renfro, 26 Texas, 144; Prichard v. James, 20 S. W. Rep., 216. As to delivery: Davis v. Garrett, 18 S. W. Rep., 113.

It is not essential to the complete conveyance of property by the husband to the wife that he should divest himself of the management and control of the deed, but when he executes it and has it recorded at her request or with her consent, it is sufficient delivery. Brown v. Brown, 61 Texas, 56; Frank v. Frank, 25 S. W. Rep., 819.

When a grantor executes and places of record a deed to any incompetent person, which is clearly beneficial, the law will presume a delivery and acceptance. Eastham v. Powell, 11 S. W. Rep., 823; Davis v. Garrett, 18 S. W. Rep., 113; Hall v. Hall, 17 S. W. Rep., 811.

If a peremptory charge is erroneous as contended, it is harmless error, because under the evidence it is clear that the justice of the case has been reached, and that no other verdict could properly have been returned. Bowles v. Brice, 66 Texas, 731; Erwin v. Bowman, 51 Texas, 518; Railway v. Delahunty, 53 Texas, 212; City of Galveston v. Morton, 58 Texas, 416; Dotson v. Moss, 58 Texas, 155; Gaston v. Dashiell, 55 Texas, 520.

When a subsequent deed refers to and designates a former deed, and purports to have been given in aid of and for the purpose of better describing the land therein conveyed, the two instruments should be considered together. The deed of 1895 refers to the deed of 1888, by giving the date, the volume and page of the record of McLennan County, wherein it is recorded, and recites that one of the purposes for which it was executed is for better describing the land conveyed to S. J. McCartney by the former deed, which land is recited to be an undivided one-half interest in the land as described in plaintiff's petition. Curdy v. Stafford, 30 S. W. Rep., 551; Curdy v. Stafford, 27 S. W. Rep., 823.

When a description in a deed is uncertain, the subsequent acts or declarations of the parties, showing the construction placed on the words of the description, may be proved to show their intention, and a deed given to correct a former one is admissible in evidence as a declaration to prove the title of the vendee. Patterson v. Patterson, 27 S. W. Rep., 838; Stone v. Clark, 35 Am. Dec., 373.

WILLIAMS, Associate Justice.—Plaintiff in error brought this suit against defendant in error, his wife, who was a lunatic confined in the asylum, to cancel a deed of date January 28, 1895, appearing of record and purporting to have been executed by plaintiff to defendant, conveying to her certain lands. As the ground for the relief sought, plaintiff alleged that the deed had never been delivered by him and was never intended to take effect, but was merely signed, acknowledged, and read to defendant, when she was insane and laboring under the delusion that she and her children were to be left destitute, in order to allay her fears and soothe her mind; and had been retained by plaintiff until it was taken from his possession by some other person and placed upon record without his knowledge or consent.

The guardian ad litem, appointed to represent the interests of the defendant, by his pleadings, traversed the allegations made by plaintiff and asserted that the deed had been delivered and had taken effect. He also alleged that plaintiff had, on the 20th day of March, 1888, executed and delivered to defendant a deed, and caused it to be recorded on the 10th day of October, 1892, by which plaintiff intended to convey to defendant the land subsequently described in the deed of 1895, but

that the description of the land in the first deed was defective and the last was executed for the purpose of curing this defect.

To this, plaintiff replied that the deed of 1888 was void for want of description of the land conveyed, and, if not void, it was never delivered nor intended to take effect as a conveyance, but was simply signed and read to defendant for the same purpose as that of 1895,—of relieving her disturbed condition of mind; and that for the same purpose it was later placed upon record, with no intention of passing title, and was ever afterwards retained in plaintiff's possession.

The trial was by jury, and, after the evidence was in, the court directed a verdict for defendant which was returned and judgment was entered accordingly. Upon appeal, the judgment was affirmed by the Court of Civil Appeals, and the case is now before us on writ of error.

The decision rests upon the question whether or not the evidence was such as to warrant the trial judge in giving the peremptory instruction. As to some circumstances relied on by the parties, there was a conflict of evidence, but it is only necessary to consider the effect of the testimony which tended to support plaintiff's case, in connection with such facts as are admitted.

It is conceded that on March 20, 1888, plaintiff wrote, signed, and read to defendant a deed which purported to convey to her "a one-half interest in the farm on which we now live, situated on the head waters of Cow Bayou Creek," and that on March 30, 1888, he acknowledged it and on October 10th, 1892, caused it to be recorded. But he testified that before the deed was made, signs of insanity in his wife had appeared and she was much disturbed by fears of destitution and poverty, and continually importuned him to make such a conveyance; that in order to quiet her fears and arrest, if possible, the progress of the disease, he wrote and signed the deed and read it to her, but with no intention of conveying the title, and that he never delivered it to her but kept it in his possession; that her trouble was not subdued, but she continued in the disturbed mental state, and further insisted on his acknowledging and recording the deed, which, for the same purpose, he did, still keeping and never delivering it; and that the reason why he did not insert a better description of the land was that he had no purpose of conveying it. As to the circumstances indicating the condition of defendant's mind during this period, he was corroborated by his witnesses, and contradicted by those who testified for the defense. The evidence left it somewhat uncertain as to what was known and considered as the farm on which they lived. Plaintiff owned about 300 acres, composed of four adjacent tracts on the head waters of Cow Bayou, which were embraced in an inclosure of 1000 acres, including lands of other persons. The dwelling of plaintiff and his wife, at the date of the deed, was on one of the four tracts, containing seventy-four acres, which was cultivated by plaintiff, the other tracts being let to tenants.

The evidence for plaintiff further tended to prove that the malady

of defendant continually increased until January 28, 1895, when she was admittedly insane generally, though some of the evidence indicated that there were still short intervals when her mind was lucid. In March, 1895, she was adjudged a lunatic and has since been confined in the asylum.

Concerning the circumstances under which the deed of January, 1895, was made, plaintiff's evidence tends to show persistence, and continual increase of defendant's anxiety and fears of destitution, and of her importunity for a deed from him. A lady, who was a neighbor and friend, testified: "I do not think Mrs. McCartney was sane. I remember about the deed. Mrs. McCartney had been violent for some time, and when she was at her worst, her mind seemed to run on nothing but property; she seemed to fear that her rights and her husband's property would not be protected, and after we had done everything that we could to pacify her, I suggested to Mr. McCartney that he execute her some sort of a deed to see if that would satisfy her mind; he replied that he would do so if I thought it would have any effect towards pacifying her mind." Plaintiff testified that in pursuance of this advice, and for this purpose only, he caused the deed of 1895 to be written, signed and acknowledged it, and procured a neighbor in whom defendant had confidence to read it to her; that he then resumed and retained possession of it until it was taken from among his papers and recorded without his knowledge or consent.

The evidence, without contradiction, showed that plaintiff's conduct towards his wife and her children by a former marriage was kind and considerate, and that he supported and provided for them. The defendant offered evidence tending to rebut that relied on by plaintiff, but, as the only question with which we have to do is whether or not plaintiff adduced enough to entitle him to have the case submitted to the jury, further statement is unnecessary.

We are of the opinion that the question whether or not the deeds, or either of them, were executed by plaintiff with intent thereby to pass title should have been submitted to the jury. The issue is upon the execution of the instruments and not as to their effect, if executed, and hence the decision in Lott v. Kaiser, 61 Texas, 665, and others, stating the proposition that parol evidence is not admissible to show that a deed, admitted to have been completely executed and delivered, was not intended to pass title as it purports to do, have no application. Nor does the proposition apply, that when a grantor has actually delivered his deed to the grantee, parol evidence will not be received to show that it was delivered as an escrow. That proposition rests upon an actual delivery to the grantee named in the deed, and holds that when such delivery has taken place, the deed defines its purpose and can not be contradicted. While there was some evidence in this case tending to show actual delivery, it was contradicted and it can not be taken as conclusively established that such delivery was made. The action of the trial court can, therefore, only be upheld by evidence

showing beyond dispute that enough was done to give effect to the deeds, or one of them, otherwise than by actual delivery. That other acts of the grantor than actual delivery of the deed to the grantee may evince his intent to then make the deed effectual to pass title is very true; but to have this effect, such intent must appear from the acts; and, to authorize the court to take the question of its existence from the jury, it must appear so clearly that rational minds can not differ about it. And, since the thing to be proved, in the absence of actual delivery, is the intention to make the deed operate to convey title, any evidence which tends to prove or disprove such intention must be considered, and particular acts relied on to prove it are only evidences and may be explained or rebutted.

The present parties being husband and wife and their relation giving to the husband custody of his wife's title papers and the management of her property, a deed executed by him to her and intended to invest her with title need not be actually put into her possession or out of his, but its retention by him for her would be a sufficient delivery. But the deed has such effect only where the intention exists. Brown v. Brown, 61 Texas, 56. That case holds that the signing of the deed in the presence of witnesses and retention of possession of it by the husband is sufficient *evidence* of the intent to pass the title, "if nothing appears to the contrary;" the criterion by which to determine whether or not the title passes being the intention of the grantor of which the acts stated are only evidence. But where there is other evidence tending to disprove such intent and to show a different one, the question as to the intention of the grantor is, of course, one to be solved by the jury upon consideration of all the circumstances.

There can be no doubt that the acts done by plaintiff, the signing of the deeds and reading them to his wife, and the subsequent acknowledgment and recording of that of 1888, are evidences tending to show the intent to convey title; but none of them are made conclusive proof of such intent by any rule of law. Their effect as evidence of intent may be rebutted, and, there being other evidence tending to show that they were done not with intent to pass title but for another purpose, an issue of fact was raised for the decision of the jury.

The decisions in this State all make the question turn upon the intent of the grantor. There is here no consideration parted with by the grantee and accepted by the grantor, nor any right of third parties acquired, on faith of the acts of the grantor, and there is hence no question of estoppel.

Under the evidence, the jury might have found that the deed of 1888 was completely executed and that of 1895 not, in which case it would have been necessary to ascertain what property passed by the former. This would depend upon the ascertainment, by extraneous proof, of what constituted the farm on which the parties lived at the time of its execution. This is another question which the peremptory instruction

took from the jury. The instrument of 1895, if not operative as a conveyance, might still be considered as a circumstance to show what the parties intended by the deed of 1888. But, in view of the testimony of the plaintiff as to the circumstances under which the last instrument was made, the court could not treat it as conclusive upon the question; and, while the jury might have been warranted in finding that the terms of the deed of 1888 were intended to convey half of the 300 acres, and not merely of the seventy-four acres, the evidence was not so conclusive as to warrant the court in taking the question from them.

*Reversed and remanded.*