Herman Koppelmann et al. v. Adolph Koppelmann et al.

No. 919. Decided June 18, 1900.

1. Estoppel—Inventory.

The act of a surviving husband in placing lands on the inventory of property held in community with the deceased wife, on giving bond to administer and account for it as survivor, does not estop him, in a suit by the heirs against him and his bondsmen, from showing that it was, in fact, his separate property. (P. 44.)

2. Same—Guardian—Inventory—Estoppel.

The act of a father who had executed and put on record a deed of gift of land to his minor children, in placing same upon an inventory of their property made by him as guardian, did not estop him from showing, as against them, that the deed was never delivered, and that the property was his own. (P. 44.)

3. Deed—Delivery.

Placing a deed on record is evidence of delivery, but not conclusive; and the grantor is not thereby estopped from showing, as against the grantees, that the deed was never delivered, and its record contrived merely to mislead his creditors. (Pp. 44, 45.)

4. Estoppel.

Listing land on the inventory of community property of himself and his deceased wife, placing on record an undelivered deed of same to his minor children, and putting it, as their guardian, on the inventory of their property, neither singly amounting to an estoppel, could not, collectively, estop defendant, as against such children, from showing that the property was his own. (P. 45.)

5. Voluntary Deed—Fraud—Estoppel.

A bad intent can not operate to pass title without the execution of a deed. That the transaction was an attempted fraud on creditors might prevent the grantor from avoiding his executed deed, but can not estop him from showing that the deed was never actually delivered nor title passed. (P. 44.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Comal County.

*Jas. L. Story* and *J. D. Guinn*, for appellants.—The pleading in this case boldly asserts that the plaintiff made, signed, and of his own volition filed for registration an unqualified warranty deed, and had same recorded in the county in which the land was situated, from himself to his minor children, but that he did not intend to convey the land to them,—his object being to prevent his second wife, who was about to sue him for a divorce, from bringing such suit against him, and to make her believe he had no property, and thus cause her to refrain from pressing her suit against him. Such a contention in a court of equity should not be considered. We contend that such contention upon the part of defendant was a wrong or a fraud and could not be urged as a defense in the face of his own act, and that making and recording said deed to his minor children was of itself a delivery to them. Danzey v. Smith, 4 Texas, 411 (in this case vendor remained in possession); Epperson v. Young, 8 Texas, 135; McClenny v. Floyd, 10 Texas, 166; Robinson v. Martel, 11 Texas, 155; Willis Bros. v. Morris, 63 Texas, 463; 2 Buck. Dig., pp. 47, 48; Harvey v. Varney, 98 Mass., 118; Chapin v. Pease, 10 Conn., 73; 8 Enc. of Law (old ed.),

856; Wait on Fraud. Conv., chap. 26, secs. 395 to 401; 1 Benj. on Sales (Cor. Dys. ed.), sec. 779.

It is wholly improper that a party who causes to be returned to the court an inventory and appraisement of community property and then gives bond to secure the minors in their half of same should be permitted twenty years afterwards to call in question the sincerity of his acts, and be allowed to contradict and vary every provision therein set out, when same has been by him and the appraisers sworn to and returned into court and the matter approved and placed on record to that effect by order of a court of competent jurisdiction. Sweatman v. Stratton, 74 Texas, 76; Pearce v. Jackson, 84 Texas, 515; Johnson v. Murphy, 17 Texas, 218; Giradin v. Dean, 49 Texas, 243; 3 Buck. Dig., p. 88, sec. 31.

Neither good morals nor public policy will admit of a party going into the court of equity to relieve himself from a voluntary act done for the avowed purpose of deceiving and defrauding others, or preventing them from taking such action as the law provides for, whereby the ends of justice are defeated. Price v. Andrew, 38 N. E. Rep., 84; Rozell v. Vansyckle, 39 Pac. Rep., 271; Parrott v. Baker, 82 Ga., 364; Peterson v. Brown, 17 Nev., 177; Brewing Co. v. La Rose, 50 S. W. Rep., 460; Gross v. Gross, 68 N. W. Rep., 469; Arnold v. Peoples, 34 S. W. Rep., 755; Robb v. Robb, 41 S. W. Rep., 92; Leash v. Devereux, 32 S. W. Rep., 837; Evans v. Guipel, 35 S. W. Rep., 940; Muller v. Balke, 39 N. E. Rep., 658; Cronic v. Smith, 22 S. E. Rep., 915; Bump on Fraud. Conv., 442.

The making of a warranty deed to minors and placing it of record on the proper records, whereby the world is given notice of the transfer, is in law a delivery, especially when such minors are incapable of accepting, and the same is beneficial to them. Davis v. Garrett, 18 S. W. Rep., 113; Heintz v. Thayer, 50 S. W. Rep., 176; Newton v. Emerson, 66 Texas, 147; Colee v. Colee, 23 N. E. Rep., 687; Jones, Law of Real Prop., sec. 1289, et seq., 1297; McCartney v. McCartney, 55 S. W. Rep., 310.

*F. J. Maier*, for appellee Adolph Koppelmann.—A single man owns 300 acres of land, to which he holds a proper deed. He afterward marries, has several children, and acquires additional land. His wife dies, he qualifies as community survivor, places in the inventory the 300 acres, together with the other land, as community property, and treats it all as community property. In a suit against him by the children, for their mother's share, the children can not recover any of said 300-acre tract, and the recital in the inventory does not estop him from showing that said 300 acres were in fact his separate property, and not the community property of himself and deceased wife. 11 Am. and Eng. Enc. of Law, 2 ed., 861; Carroll v. Carroll, 20 Texas, 732; Little v. Birdwell, 21 Texas, 598; Bradley v. Love, 60 Texas, 473; Huppman v. Schmidt, 65 Texas, 583; Baker v. Brickell, 87 Cal., 329;

Fulcher v. Mandell, 83 Ga., 715; Sanders v. Forgasson, 3 Baxt. (Tenn.), 249.

Even if the guardianship were regular and the guardian had signed the inventory and sworn to the same, this would not be a conclusive presumption, but could be explained by other proper evidence. Same authorities.

Adolph Koppelmann having signed, acknowledged, and caused to be recorded an instrument which purports to be a deed of gift to his children, without delivering the deed and without intending to pass the title to them, those acts are not a conclusive presumption of a delivery of the deed; that is, he is not estopped thereby from proving by other good and satisfactory evidence that he never delivered the deed and never intended to pass the title to the children. Rev. Stats., art. 624; 7 Am. and Eng. Enc. of Law, 2 ed., 110; Steffian v. Bank, 69 Texas, 513; Blackman v. Schierman, 51 S. W. Rep., 886; McLaughlin v. Mc-Manigle, 63 Texas, 554; Culmore v. Genove, 24 S. W. Rep., 83; Naugher v. Patterson, 28 S. W. Rep., 582; Alexander v. Alexander, 71 Ala., 295; Humiston v. Preston, 66 Conn., 579; Jones v. Bush (Del.), 4 Harr., 1; Union Co. v. Campbell, 95 Ill., 267; Sullivan v. Eddy, 154 Ill., 199; Davis v. Davis, 92 Iowa, 147; Deere v. Nelson, 73 Iowa, 186; McGraw v. McGraw, 79 Me., 257; Hendricks v. Rasson, 53 Mich., 575; Beckett v. Heston, 49 N. J. Eq., 510; Jackson v. Phipps, 12 Johns., 418; Knolls v. Barnhart, 71 N. Y., 474; Hayes v. Davis, 18 N. H., 600; Watson v. Ryan, 3 Tenn. Ch., 40; Weber v. Christen, 121 Ill., 91; Stevens v. Castel, 63 Mich., 111; Elmore v. Marks, 39 Vt., 538; Gaither v. Gibson, 2 N. C., 530; Hawkes v. Pike, 105 Mass., 560; Brown v. Brown, 167 Ill., 631; Wilson v. Wilson, 158 Ill.; 567; Byars v. Spencer, 101 Ill., 429.

*L. H. Blevins,* for appellees Haag and Pape, bondsmen.

WILLIAMS, Associate Justice.—The Court of Civil Appeals of the Fourth District have stated facts and propounded the question arising upon them as follows:

"This suit was brought by appellants against the appellee, Adolph Koppelmann, and the sureties on his bond as the surviving husband of appellants' mother, to recover the value of their interest in the community property of their mother, and also to recover of Koppelmann certain lands which appellants claim by virtue of deeds from him.

"After an exception to appellants' petition upon the ground of misjoinder of actions was sustained by the trial court, the objection was waived, and the title to the land was tried, as well as appellants' right to recover upon the bond.

"The appellants are the children of Herman Koppelmann and Lisette Koppelmann, who married on the 21st of April, 1866. Lisette died on the 18th day of November, 1877. On the 21st day of August, 1880, Herman Koppelmann filed with the County Court of Comal

County an inventory and appraisement of the community property of himself and his deceased wife, which inventory includes three tracts of land. It was sworn to by Koppelmann, and was on the 17th day of November, 1880, approved by the county judge of Comal County. On the same day Koppelmann gave bond as required by statute, conditioned that he would faithfully administer the community estate and pay one-half of the surplus thereof after the payment of the debts with which the whole of the property was chargeable, to such persons as should be entitled to so receive the same. At the same time, he made affidavit that he would faithfully administer the community property of himself and his deceased wife, Lisette, and on the next day said bond was approved by the county judge.

"On the 16th day of November, 1882, Adolph Koppelmann executed and acknowledged an instrument in the form of a deed conveying to the children of his marriage with Lisette (among whom are appellants) the three tracts of land which were inventoried as above stated, as the community property of himself and said deceased wife. The consideration expressed in the deed was the natural love and affection of the grantor for the grantees. On the same day, this deed was filed for record in the office of the county clerk of Comal County, in which county the land is situated, and was on the 1st day of December, 1882, duly recorded. The deed was handed to the county clerk for record by Koppelmann himself, and when recorded was returned by the clerk to him in person, and remained in the possession and under the control of Koppelmann from that time until this case was tried in the court below, when he was required by the trial court to produce said deed in evidence. The grantees, including appellants, were minors, the oldest being about fifteen, and the youngest five years of age, when the deed was executed.

"At the August term, A. D. 1884, of the County Court of Comal County, Adolph Koppelmann applied to said court for letters of guardianship of the estate of his minor children, of whom are the appellants in this case, stating in his application that said minors were possessed of certain real estate situated in Comal County of the probable value of $3000, and on the 4th day of August, 1894, he gave bond and qualified as guardian of the estate of the said minor children. The only property inventoried and appraised as the estate of said minors was the three tracts of land described in the inventory of the community estate, and conveyed by his deed of November 16, 1882. After Adolph Koppelmann qualified as surviving husband to administer the community estate of himself and deceased wife, Lisette, and before he made the deed of November 16, 1882, he married again. He now claims in defense of appellants' action that one of the tracts of land described in the inventory of the community estate of himself and deceased wife was not in fact community property, but was the separate property of himself, and that the deed made by him to appellants and the letters of guardianship procured on their estate were

made and procured solely for the purpose of defeating the suit which his wife was then about to bring against him for divorce and for a large amount of his property, and that the deed was not in fact delivered and no title passed thereby to the grantees.

"Question: Under the facts stated, is the appellee estopped from proving as a defense that his deed of November 16, 1882, was never in fact delivered, and from showing that it was made only for the purpose of defeating the suit which he alleges his wife was about to bring against him for a large amount of his property?"

In answering the question, it must be assumed that the truth is as the appellee contends, that the property had belonged to him and that he never delivered the deed nor did any of the acts stated with reference to it for the purpose of giving effect to it; and the question then is, do the acts stated, or some of them, have the legal effect of precluding him from showing the truth? Those acts are, first, the making of the inventory of the property as belonging to the community estate of himself and his deceased wife; second, the inclusion of it in the inventory of the property of his wards as belonging to them; and, third, the signing and recording of the deed for the purpose stated. That neither of the inventories was conclusive of the question or had the effect of estopping Koppelmann from showing that the property did not in fact belong to his children but was his own, we believe to be conclusively settled by the decisions of this court. Dunham v. Chatham, 21 Texas, 248; White v. Shepperd, 16 Texas, 166, 167; Little v. Birdwell, 21 Texas, 607; Carroll v. Carroll, 20 Texas, 732. As in the cases cited, there had been nothing done in this by any third person upon the faith of the statements in the inventories. In order for a deed to pass title, there must be a delivery of it, either actual or constructive. Steffian v. Bank, 69 Texas, 517, 518; McCartney v. McCartney, 55 S. W. Rep., 310. The depositing of a deed for record by or at the instance of the grantor has often been held to be sufficient evidence of delivery, but it is not conclusive, and where the deed is not actually delivered but possession of it is retained by the maker, he is not estopped from showing that the registration was not intended to take the place of delivery or to give effect to the conveyance. From this it results, as we have heretofore held (McCartney v. McCartney, supra), that the question as to the effect of a deed thus recorded but continuing in the possession of the signer of it is open for investigation and its decision depends upon the intent with which the acts relied on as taking the place of actual delivery were done, and if they were not done for the purpose of completing the conveyance of title, the deed is inoperative.

Where the execution of the deed is not thus completed, the purpose of the party to deceive and defraud can not take the place of execution. A bad intent can not operate to pass title without the execution of the deed. When the deed has been delivered, its effect is to pass the title as between the grantor and grantee, and the former will not be allowed

to defeat it by showing that it was made without consideration for the purpose of defrauding creditors, nor to enforce an agreement on the part of the grantee to reconvey or to hold in trust, because, out of such a fraudulent transaction, no cause of action can arise. The courts in such cases leave the parties where they find them. In all the cases relied on by appellant, the deed had been delivered. But when, for want of the execution of the deed, the title has not passed out of the grantor, he is in no need of a decree restoring it. He protects himself without the aid of the fraudulent agreement by simply showing that he has not parted with his property. The party relying on a deed must prove its execution, which includes its delivery, and his adversary may disprove or rebut the circumstances relied on as showing such execution.

Since no one of the facts stated in themselves constitutes an estoppel, it follows that collectively they can not have that effect. They are merely evidence upon the the issues as to the original ownership of the property and the execution of the deed.