**Dorothy DRISKILL, Appellant,**

v.

**Gene FORBES et al., Appellees.**

**No. 5111.**

Court of Civil Appeals of Texas, Eastland.

April 27, 1978.

Rehearing Denied May 25, 1978.

Garry Lewellen, Stephenville, for appellant.

Richard Don Coan, Stephenville, for appellees.

BRADBURY, Justice.

This is a suit to cancel a deed executed by John C. Syer, Deceased, to his sister, Doro-

thy Driskill. Gene Forbes, independent executor of Syer's estate, brought suit against Driskill alleging no delivery of the deed. Driskill claimed the conveyance was made to defraud a creditor of Syer and, as between grantor and grantee, the parties should stand as they are found. The trial court, based on jury's answers to special issues, entered judgment for Forbes. Driskill appeals and we affirm.

John C. Syer, an eighty-year old bachelor, was involved in a motor vehicle collision with Sheryl Cox on October 7, 1970. Cox was seriously injured. No suit was filed against Syer by Cox although during February and March 1971, her father and brother-in-law contacted Syer and told him they thought he should help on the expenses over the $10,000 provided for by his liability policy. Syer refused.

Cox's father testified that no suit was filed and there was no intention of filing one as he did not think it would do any good, and they did not have time "to fool with it". There is nothing to indicate that the decision not to file suit was conveyed to Syer. However, Syer's insurance agent told him there was a possibility a claim would be made against him for more than the limits of his policy and he ran the risk of having a writ of execution levied against his farm. This alarmed Syer. On September 9, 1971, Syer's insurance company settled with Cox within the policy limits.

On February 18, 1971, Syer had a deed prepared conveying his 254.21 acre farm to Driskill. The deed recited $10 and other consideration, although no consideration was paid. Syer took the deed to the County Clerk's office and left it to be recorded with instructions to return it to him. When the recorded deed had been returned to him, he placed it in his trunk with other valuable papers.

As a result of injuries sustained in the collision, Syer was not able to return to his farm immediately. After a stay in the hospital, he went to Driskill's home for care. They had some disagreements and he returned to his farm where he lived until he reentered the hospital prior to his death.

On May 3, 1974, Syer had a deed prepared for the purpose of having the farm reconveyed to him. Driskill originally agreed to execute the deed, but later refused. Through his attorney, Syer tried to convince Driskill to execute the deed of reconveyance. He offered her $200 as an inducement, but to no avail.

Syer died November 18, 1974, and Gene Forbes, as independent executor, brought this suit.

It is Driskill's position that the deed in question was made for the purpose of defrauding a creditor and as between the parties they are to stand as they are found. Forbes contends the conveyance was never consummated because there was no delivery of the deed with the intent of conveying fee simple title. He urges that since the conveyance was never consummated the rule of "letting the parties stand as they are found" is inapplicable.

In *Letcher v. Letcher,* 421 S.W.2d 162 (Tex.Civ.App.—San Antonio 1967, writ dism'd), the court held:

". . . As between the parties to a fraudulent transaction, the transfer designed to defraud creditors passes title to the property, and the grantor may thereafter assert no right, title or interest in the property . . ."

█ Defendant contends such holding as applied to the facts in this case precludes recovery by Forbes. Forbes argues that in *Letcher,* the court was speaking to a situation where there was a completed transfer of title. In the instant case, he contends that because the deed was never delivered the transfer was incomplete and the rule that the court must leave the parties in the position they have placed themselves is not applicable. We agree because in *Koppelmann v. Koppelmann,* 94 Tex. 40, 57 S.W. 570 (1900), the court stated:

". . . In order for a deed to pass title, there must be a delivery of it, either actual or constructive. *Steffian v. Bank,* 69 Tex. 517, 518, 6 S.W. 823; *McCartney v. McCartney,* 93 Tex. 359, 55 S.W. 310. The depositing of a deed for record by or

at the instance of the grantor had often been held to be sufficient evidence of delivery, but it is not conclusive; and where the deed is not actually delivered, but possession of it is retained by the maker, he is not estopped from showing that the registration was not intended to take the place of delivery or to give effect to the conveyance. From this it results, as we have heretofore held (*McCartney v. McCartney,* supra), that the question as to the effect of a deed thus recorded, but continuing in the possession of the signer of it, is open for investigation, and its decision depends upon the intent with which the acts relied on as taking the place of actual delivery were done, and, if they were not done for the purpose of completing the conveyance of title, the deed is inoperative. Where the execution of the deed is not thus completed, the purpose of the party to deceive and defraud cannot take the place of execution. A bad intent cannot operate to pass title without the execution of the deed. When the deed has been delivered, its effect is to pass the title as between the grantor and grantee, and the former will not be allowed to defeat it by showing that it was made without consideration for the purpose of defrauding creditors, nor to enforce an agreement on the part of the grantee to reconvey or to hold in trust, because out of such a fraudulent transaction no cause of action can arise. The courts in such cases leave the parties where they find them. In all the cases relied on by appellant, the deed had been delivered. But when, for want of the execution of the deed, the title has not passed out of the grantor, he is in no need of a decree restoring it . . ."

The jury found in favor of Forbes in answer to Special Issue No. 1 as follows:

"Do you find from a preponderance of the evidence that John C. Syer filed the deed dated February 18, 1971, in the County Clerk's office with the intention that it become at that time operative as a fee simple conveyance of the land described therein to Dorothy Driskill?"

The jury answered, "We do not".

Driskill argues there is no evidence or, alternatively, factually insufficient evidence to support the jury's finding to Special Issue No. 1.

The Supreme Court stated in *Thornton v. Rains,* 157 Tex. 65, 299 S.W.2d 287 (1957):

"The question of delivery of a deed is one of intention on the part of grantor to be determined from all the facts and circumstances . . ."

The Supreme Court also stated in *Henry v. Phillips,* 105 Tex. 459, 151 S.W. 533 (1912):

"What constitutes a delivery of a deed is a question of law, but whether there was in fact a delivery of the deed under consideration is a question of fact, to be determined by the jury . . ."

Syer's attorney, who prepared the deed, testifying by deposition indicated that Syer did not intend to make an unconditional conveyance to Driskill. The attorney was asked:

"Q And he expected to get it back, or could you draw from your discussion with him that he expected to get it back?

A Yes, he did."

In a letter to her sister, Ola Huffman, Driskill said the arrangement of putting title to the farm in her name was "just temporary". Driskill and Syer both continued to refer to the farm as Syer's property. Syer took the deed to be recorded, requested it be returned to him and upon its return placed it in his trunk. Driskill never had physical possession of the deed and apparently did not know of its existence until sometime after it had been recorded. Syer continued to live on the farm, referred to it as his place and operated it as he had previously to the making of the deed. Syer told his attorney he intended to live and die there. After the deed in question was made, Syer made a will in which he devised the farm to his four sisters, a brother and the children of a deceased sister, in equal shares.

In passing on Driskill's "no evidence" point, we have reviewed the evidence in its most favorable light, considering only the evidence and inferences which support the jury's finding to Special Issue No. 1 and find some evidence to support that finding. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex.1974). Furthermore, we have considered and weighed all of the evidence in the case and conclude it is factually sufficient to support the jury's finding to Special Issue No. 1. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

There being no delivery of the deed, Driskill's contention fails. *Koppelmann v. Koppelmann,* 94 Tex. 40, 57 S.W. 570 (1900); *Blackman v. Schierman,* 21 Tex.Civ.App. 517, 51 S.W. 886 (1899, no writ); *Harmon v. Schmitz,* 39 S.W.2d 587 (Tex.Com.App. 1931).

Driskill also contends Forbes had no authority to bring this suit because an executor has no interest in property not in the deceased's estate and cannot bring an action which could not have been maintained by the deceased. We disagree. Tex.Prob. Code Ann. § 233 (1955) provides:

> "Every personal representative of an estate shall use ordinary diligence to collect all claims and debts due the estate and to recover possession of all property of the estate to which its owners have claim or title, provided there is a reasonable prospect of collecting such claims or of recovering such property . . ."

The claim brought by Forbes was to cancel a deed for nondelivery. Syer could have brought this suit himself had he been living. Forbes, as independent executor of Syer's estate, had the authority to bring this cause of action. *Blackman v. Schierman,* supra.

We have carefully considered all of Driskill's points of error and they are overruled.

Judgment of the trial court is affirmed.