**PERRY NATIONAL BANK, Appellant,**

v.

**John R. EIDSON et al., Appellees.**

**No. 4139.**

Court of Civil Appeals of Texas

Waco.

June 13, 1963.

Rehearing Denied June 27, 1963.

Abney, Hammett & Lynch, Lampasas, Andrew Campbell, Hamilton, for appellant.

Rawlings, Sayers, Scurlock & Eidson, Ft. Worth, for appellees.

WILSON, Justice.

Appellees' action sought judgment for title and possession of land and stock certificates. The complete nature of the case and a summary of much of the evidence adduced on the present trial is detailed in the opinions on the former appeal, Eidson v. Perry National Bank, Tex.Civ.App., 327 S.W.2d 683; Perry National Bank v. Eidson, 161 Tex. 340, 340 S.W.2d 483. To reduce opinion length, unnecessary repetition of those facts will be omitted.

In a non-jury trial the court rendered judgment on findings to the effect that conveyances of the land and assignment of the stock to the bank were to secure Eidson's indebtedness to the bank, evidenced by his note, on which the bank made specified credits of receipts from an oil and gas lease it made on the land; that similar subsequent receipts should be so credited; that the bank held possession of the stock as pledgee, not having notified Eidson of any repudiation of the pledge contract. There was no foreclosure of the pledgee's lien by public or private sale, and it was found there was no sale of stock to the bank or any transfer in satisfaction of indebtedness. The court determined the action was not barred by limitation; that

Eidson did not have notice of any claim of ownership by the bank, and did not intentionally waive or relinquish rights to redeem the stock; that estoppel did not exist; that Eidson's possession and management of the land was not permissive, but of right. After fixing accounting rights, applying credits and computing interest, the court awarded to the bank the tendered balance due on the indebtedness; and to appellees, title to the land, proportionate to Eidson's corporate stock interest.

Appellant says the findings and judgment are contrary to the overwhelming preponderance of the evidence. On the former appeal the writer expressed the dissenting view that this court was not there authorized to set aside jury findings favorable to the bank on those grounds. The whole court in the present appeal is of the opinion the trial court's findings are not contrary to the overwhelming preponderance of the evidence. Although there was evidence from which contrary findings could be made, we are unable to sustain these points, or appellant's other points that there was no evidence to support the determinations.

There was presented evidence additional to and different from that on the previous trial. Under it appellant again contends appellees are equitably estopped, that Eidson ratified his deed to the land and waived and relinquished his rights to redeem the stock, having elected to receive benefits of his conveyance and having acquiesced in the bank's claim. Appellant introduced additional evidence of declarations against interest by Eidson, including those made in connection with his application to reamortize the Federal Land Bank loan, and correspondence and negotiations leading to the boundary agreement previously discussed. This new evidence, though strengthening appellant's evidentiary position, does not authorize reversal.

If appellant intends a new contention that the boundary agreement constituted a ratification, rather than a basis for estoppel by deed, that point is foreclosed against it by the Supreme Court's opinion, 340 S.W. 2d 483, 486, above, for the contention was squarely presented by the writer's previous dissent, and the new evidence, although fortifying it, did not alter the status and effect of the agreement as being inconclusive.

It is said recitals in the approved final report of Eidson's sister, as temporary administratrix of his estate, that she "does not know" of any other assets, claims or debts of the estate than those listed, and "she believes" all other debts have been paid, are conclusive against and bind appellees. The administratrix was not a party to this suit. We hold the recitals do not have this effect. Texas Probate Code, Sec. 261, V.A.T.S.; Koppelmann v. Koppelmann, 94 Tex. 40, 57 S.W. 570, 572; Republic National Bank v. Fredericks, 155 Tex. 79, 283 S.W.2d 39, 48.

All points have been fully considered and are overruled.

Affirmed.