## RAGLAND v. KELNER et al.
### No. 11881.

Court of Civil Appeals of Texas. San Antonio.

Nov. 10, 1948.

Rehearing Denied Dec. 15, 1948.

Eugene S. Hurt, Brownsville, Aldrich & McDonald, Edinburg, for appellant.

Cofer & Cofer, Brownsville, for appellee.

NORVELL, Justice.

We are of the opinion that appellant's motion for rehearing in this cause should be and it accordingly is overruled, for the reason that the evidence supports the trial judge's conclusion of law that "when Mrs. Bess Kelner delivered the deed in question to Mrs. Mahurin, with instructions to deliver the deed to Grantee, W. A. Chenoweth, 'If anything happens to me,' the deed became an instrument testamentary in character."

The disposition of this appeal is determined by the conclusion above stated and we accordingly withdraw our original opinion affirming the judgment of the trial court. In that opinion we discussed certain matters which seemed to point to an affirmance of the judgment but were not relied upon by the court below as a basis for the judgment. As these expressions by us were not necessary to a decision of the appeal, the following substitute opinion is or-

356

dered filed as the opinion of the Court (Rule 452, R.C.P.) :

This is an action of trespass to try title involving a house and lot situated in the town of Port Isabel, Texas. In the briefs the style of the case is given as J. R. Ragland v. Eugene A. (Bob) Kelner et al. However, Kelner died while the case was pending in the District Court, and Joe A. Kelly, individually and as executor of the last will of Bess Kelner, is the only party opposing the appellant who is affected by this appeal.

The appellant claims under a deed from Mrs. Bess Chenoweth Lasswell Kelner to her brother, W. A. Chenoweth, and a conveyance to appellant executed by Chenoweth.

Kelly claims under the last will and testament of Mrs. Kelner.

The trial court held for Kelly on the ground that the deed to Chenoweth was not effective as a conveyance, but was an instrument intended to be testamentary in character.

It appears from the trial court's findings that on March 22, 1940, Bell Lasswell, then a feme sole who had recently secured a divorce from Jack Lasswell, executed a deed in which her brother, W. A. Chenoweth, was named as grantee. She retained this deed in her possession and made no delivery of the same at that time. In April, 1940, Bess Lasswell married Eugene A. (Bob) Kelner and never divorced him during her lifetime. In March or April, 1943, Bess Kelner remarked to a friend, Mrs. John Mahurin, that her husband had beat her up and she was afraid of him, that she had a deed to her property and she wanted Mrs. Mahurin to keep it and deliver it to her brother, W. A. Chenoweth, if anything happened to her; that she didn't want her husband, Bob Kelner, to have the property if anything happened to her. In August, 1943, Mrs. Bess Lasswell Kelner delivered the deed in qustion to Mrs. Mahurin with the instructions, "If anything happens to me, I want you to send this deed to my brother, W. A. Chenoweth, who lives in the State of California." The deed was dated March 22, 1940, and recited that Bess Lasswell, a feme sole, for a consideration of

$10, sold, bargained and quit-claimed all her right, title, interest, estate, claim and demand in and to Lot 11, Block 42, in the Townsite of Port Isabel, Cameron County, Texas, to W. A. Chenoweth. Mrs. Bess Kelner remained in possession of the premises until her death in 1946. While in Houston, on November 24, 1945, Mrs. "Bess L. Chenoweth Kelner" executed a will, leaving her husband, Bob Kelner, $10.00, and bequeathing all of Lot 11, Block 42, Townsite of Port Isabel, and all furnishings thereon, to Joe Kelly, and providing that he be executor of her estate. After the death of Mrs. Kelner, in 1946, Kelly presented the will for probate and in due time qualified as executor of her estate and is now acting as such.

Appellant contends the judgment should be reversed upon authority of Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, in that the delivery of the deed to Mrs. Mahurin in August, 1943, had the effect of conveying the fee to Chenoweth subject to a reservation by Mrs. Kelner of the right to use and enjoy the property during her lifetime.

We are unable to agree with this contention. The controlling facts in this case are very different from those disclosed in the case cited. Here it is undisputed that no delivery of the deed was attempted until 1943, although the instrument was executed and acknowledged in 1940. It was stipulated by the parties that a statement made by the notary who took the acknowledgment to the deed could be considered in evidence. From this statement it appears that Mrs. Kelner, then Mrs. Lasswell, had told the notary that she wished to execute the deed so that her ex-husband (Jack Lasswell) from whom she had recently been divorced, could not get the property. There is no evidence that a delivery of this deed was attempted until 1943, after Bess Kelner had been married to Bob Kelner for some three years. From this circumstance it may be inferred that Mrs. Kelner, from 1940 to 1943, intended to keep the deed and the property described therein under her control. In relating the conversation with Mrs. Kelner which preceded the delivery of the deed, Mrs. Mahurin stated that "she (Mrs. Kelner) came down and told me that

she had a deed that *she wanted me to hold for her* but she didn't give me the deed right then." Mrs. Mahurin also testified that Mrs. Kelner said that "she had a deed out there at the house that *she wanted me to keep for her.*"

When the deed was actually delivered to her in August, according to Mrs. Mahurin, Mrs. Kelner instructed her that "if anything happened to her, then to send the deed to her brother, Mr. Chenoweth in California, * * *. She said if anything happened to her, to get his (the brother's) address and send the deed to him."

 We are of the opinion that Mrs. Mahurin's testimony does not establish clearly and conclusively as a matter of law that the deed was delivered with the intention on the part of Mrs. Kelner of making a final and irrevocable disposition of the property. The question of intention was therefore one of fact for the trial court. It can not be said that the evidence relating to the directions received by the escrow agent (Mrs. Mahurin) was so clear and unequivocal that reasonable minds could not draw differing inferences therefrom, consequently evidence which would tend to show some light upon the meaning and purpose of the instructions given was admissible and properly received. This evidence aids in the proper interpretation of the instructions given and the situation is different from a case in which the terms of the escrow directions are subject to but one construction and the evidence conclusively shows an unequivocal delivery of the deed. In the latter situation evidence can not be received which tends to contradict the terms and conditions of the deed, and it was so held in Henry v. Phillips, supra. The trial judge was therefore justified in concluding as he did that the instrument although in the form of a deed was testamentary in character. In other words, the evidence supports the theory that when Mrs. Kelner delivered the deed to Mrs. Mahurin, it was her intention to retain control over the property, but that if she did not recall the deed or make other disposition of the property and something happened to her, then it was her desire that Mrs. Mahurin forward the deed to Chenoweth. The disposition of the property was therefore am-

bulatory until the death of Mrs. Kelner. The instrument consequently had no effect as a deed, as there was no intention to convey a present interest in property. Davis v. Bond, 138 Tex. 206, 158 S.W.2d 297, nor was it effective as a will because the provisions of the statute of wills, Art. 8283, Vernon's Ann. Civ. Stats., were not complied with.

Appellant's points are overruled and the judgment appealed from is affirmed. Brown v. Payne, 142 Tex. 102, 176 S.W.2d 306.