## J. R. RAGLAND v. EUGENE A. (BOB) KELNER ET AL.

No. A-2032. Decided May 25, 1949.
Rehearing overruled June 22, 1949.
(221 S. W., 2d Series, 357.)

*Aldrich & McDonald* and *Felix L. McDonald,* all of Edinburg, for petitioner.

The Court of Civil Appeals erred in holding that the evidence adduced in the trial court did not establish as a matter of law that the deed was delivered with the intention on the part of Mrs. Kelner to make a presently effective disposition of the property. Henry v. Phillips, 105 Texas 459, 151 S. W. 533; Brown v Payne, 142 Texas 102, 176 S. W. (2d) 306; Hart v. Rust, 46 Texas 556; Green v. White, 137 Texas 361, 153 S. W. (2d) 575.

*Cofer and Cofer* and *Noble G. Cofer,* all of Brownsville, for respondent.

There was no evidence of any kind at the time the deed to Chenoweth was executed by his sister and at the time she left it with her friend to be delivered to her brother that she intended to vest the title immediately after death or at any other time. Davis v. Bond, 138 Texas 206, 158 S. W. (2d) 297; Eckert v. Stewart, 207 S. W. 217.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The trial judge filed findings of fact, Nos. 1 through 13. Omitting the numbers, we copy those findings as a statement of the case. "This is a suit in trespass to try title for title and possession of Lot 11, Black 42, Townsite of Port Isabel, Cameron County, Texas. The common source of title is Bess Chenoweth Lasswell Kelner, sometimes known as Bess Lasswell or Bess Kelner. On March 22, 1940, Bess Lasswell, a feme sole, executed a deed, naming her brother, W. A. Chenoweth, as grantee. Bess Lasswell retained the said deed in her possession and made no delivery of the deed at that time. Bess Lasswell married Eugene A. (Bob) Kelner in April, 1940, and never divorced him during

her lifetime. In March or April, 1943, Bess Kelner remarked to a friend, Mrs. John Mahurin, that her husband had beat her up and she was afraid of him, that she had a deed to her property and she wanted Mrs. Mahurin to keep it and deliver it to her brother, W. A. Chenoweth, if anything happened to her; that she didn't want her husband, Bob Kelner, to have the property if anything happened to her. In August 1943, Mrs. Bess Lasswell Kelner delivered the deed in question to Mrs. Mahurin with the instructions, 'If anything happens to me, I want you to send this deed to my brother, W. A. Chenoweth, who lives in the State of California.' The deed was dated March 22, 1940, and recited that Bess Lasswell, a feme sole, for a consideration of $10.00, sold, bargained and quit-claimed all of Lot 11, Block 42 in the Townsite of Port Isabel, Cameron County, Texas, to W. A. Chenoweth. Mrs. Bess Kelner remained in possession of the premises until her death in 1946. While in Houston, on November 24, 1945, Mrs. 'Bess L. Chenoweth Kelner' executed a will, leaving her husband, Bob Kelner, $10.00, and bequeathing all of Lot 11, Block 42, Townsite of Port Isabel, and all furnishings thereon, to the Defendant, Joe Kelley, and providing that the Defendant, Joe Kelley, be Executor of her estate. After the death of Mrs. Kelner, in 1946, the Defendant, Joe Kelley, had the will admitted to probate and in due time qualified as Executor of her estate and is now the acting Executor of her estate. During the pendency of this cause, Eugene A. (Bob) Kelner died and was dismissed as a party to the suit. Plaintiff is the grantee under a deed from W. A. Chenoweth."

Based upon those findings, the court filed three conclusions of law, namely, (1) that the deed was "an instrument testamentary in character"; (2) that when Mrs. Kelner undertook to dispose of this property in question by a will, she revoked the deed; and (3) that the petitioner, holding under a deed from Chenoweth, should be denied recovery of the premises, because the instrument under which Chenoweth claimed title was revoked by the will executed subsequent to its delivery to Mrs. John Mahurin. Accordingly judgment was rendered that plaintiff, petitioner here, take nothing. The court of civil appeals affirmed that judgment, holding that the trial court was justified in concluding that the instrument, although in the form of a deed, was testamentary in character. 221 S. W. (2d) 355.

■■ While the question of whether there has in fact been a delivery of a deed is one for the trier of facts; the question of what constitutes a delivery is one of law. In this case the facts regarding the delivery of the deed are undisputed, and only the question of what legal effect is to be given those facts is

before us for decision. A valid delivery of a deed may be made to a third person who is not an agent of the vendee, and this is true even though the grantee may not be aware of its execution or delivery. If a grantor delivers a deed to a third person, without any reservation on his part of the right to recall it, and with instructions to the third person to deliver it to the grantee upon the grantor's death, he thereby makes an effective delivery of the deed as a matter of law.

■ Much has been written upon this question, but we need cite only a few selected cases from our own jurisdiction. Our view is that, as a matter of law, Mrs. Kelner delivered the deed to this property to W. A. Chenoweth, to become effective upon her death, when she manually delivered it to Mrs. Mahurin. This conclusion, we think, is required by the decisions in Henry v. Phillips, 105 Texas 459, 151 S. W. 533; Davis v. Bond, 138 Texas 206, 158 S. W. (2d) 297; and Earl v. Mundy, 227 S. W. 970, writ refused. The conclusion is strengthened by a consideration of Eckert v. Stewart, 207 S. W. 317, writ refused, a case in which the grantor retained the right to recall the deed at any time. The test established by those cases is whether or not the grantor parted with all dominion and control over the instrument at the time he delivered it to the third person, with intent at the very time of its delivery that it take effect as a conveyance. Let us examine the facts of this case in the light of that test.

■ On March 22, 1940, when Mrs. Kelner, then Mrs. Lasswell, executed the deed she told the notary who prepared it that she was deeding the lot to her brother so that Lasswell, her husband or former husband, could not get it. The next month she married Kelner. No attempt was made to deliver the deed until August, 1943. In the spring of that year she made known to a friend, Mrs. John Mahurin, that her husband had assaulted her, and that she was afraid of him; that she had executed a deed to her property which she wanted Mrs. Mahurin to keep and deliver to her brother in the event anything happened to her. In that connection she declared her purpose to be that she did not want her husband to have the property if anything happened to her. The deed was not handed to Mrs. Mahurin at that time, but in August thereafter Mrs. Kelner delivered it to Mrs. Mahurin with these instructions: "If anything happens to me, I want you to send this deed to my brother, W. A. Chenoweth, who lives in the state of California." It is evident that by this expression, "If anything happens to me," she referred to her death. The evidence concerning the delivery of this deed was

supplied by the testimony of Mrs. Mahurin, a witness for respondent, who was questioned carefully by respondent's counsel as to the exact language employed by Mrs. Kelner when the deed was delivered to her. When asked to quote the exact words used by Mrs. Kelner at the time she delivered the deed, she said: "Just what I have said, that she just wanted me to hold the deed until something happened to her, and then to send it to her brother, and I would find his address on the back of that picture." This question was propounded to her by respondent's attorneys: "Mrs. Mahurin, will you state what, if anything, was said by Bess about you returning the deed to her, if so requested?" To which she replied: "She never mentioned that she would want the deed back." This question was then propounded to her: "And what was it she said you were to do with the deed?" Answer: "Send it to her brother, if anything should happen to her." That testimony is plain and positive. To our minds it presents a stronger case of delivery, as a matter of law, than any of the cases above cited. That conclusion is greatly strengthened by the fact that Mrs. Kelner kept the deed in her possession about three and a half years after it was executed and then delivered it, to prevent her husband's getting her property if anything happened to her.

Respondent regards the fact that Mrs. Kelner retained this deed in her possession so long after its execution before its delivery to Mrs. Mahurin as a circumstance showing that she had no intention to pass title at the time of its delivery. To our minds it is a circumstance in support of the opposite conclusion. It appears that she realized that so long as she kept the deed in her possession it was not effective as a conveyance, and when she made up her mind to deliver it to Mrs. Mahurin she must have intended that such delivery would have the effect of placing the title to the property beyond the reach of her husband. Her purpose in delivering it to Mrs. Mahurin was to prevent her husband's getting her property. The only way to accomplish that purpose was to place the property beyond his reach, which she must have intended to do by making delivery of the deed; otherwise, she might as well have retained it in her possession. It is our conclusion that when Mrs. Kelner delivered the manual possession of this deed into the hands of Mrs. Mahurin she did so with an intention to pass present title to the land to her brother, W. A. Chenoweth, with the right of possession, use and enjoyment of the property remaining in her during her lifetime.

From this conclusion it follows that her subsequent attempt to devise this property by will to respondent was ineffective, because title had already passed from her; and evidence that she offered it for sale, being in disparagement of her deed, was incompetent. Henry v. Phillips and Davis v. Bond, supra.

■ On oral submission of this case a question was raised from the bench as to the effectiveness of a deed to pass title to a wife's real estate if it was executed by her alone before marriage and delivered by her after marriage without her husband's knowledge or consent. The effect of sustaining the point would have been to affirm the case. The duty, then, rested upon respondent to present it, if he desired a decision thereof. The point was not briefed, but because of its importance we requested the parties to brief it. Petitioner responded to our request, but respondent failed to do so. The point is, therefore, not before us for decision and we do not express an opinion thereon.

■ From what is written above it follows that the judgments below must be reversed. There remains for decision the question of whether we should remand the case to the trial court or render judgment here on the merits. The trial court found that when the deed was executed Mrs. Kelner, then Mrs. Lasswell, was a feme sole. This opinion has been written on the assumption of the correctness of that finding. Respondent claims that the record does not support the finding, but that, to the contrary, it reveals that she had not been divorced from Lasswell. The record is not at all clear on that important point. The case has, therefore, not been fully developed and justice seems to demand another trial. Rule 505.

Judgments of both courts below are reversed and the case is remanded generally to the trial court.

Opinion delivered May 25, 1949.

Rehearing overruled June 22, 1949.