Minnie Sweeney BARNHART, Appellant,

v.

Annie Sweeney EPP et al., Appellees.

No. 13402.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 26, 1958.

Ralph E. Cadwallader, Oliver & Oliver, San Antonio, for appellant.

Bonham & West, San Antonio, for appellees.

BARROW, Justice.

This suit was instituted in the District Court of Bexar County, Texas, by Minnie Sweeney Barnhart against Annie Sweeney Epp and her husband, Alfred A. Epp, for an order construing the will of John Winston Sweeney, deceased, and to vest title to an undivided one-half interest in Lot No. 15, Block 3, New City Block 693, within the corporate limits of the City of San Antonio, Texas, in Minnie Sweeney Barnhart. Plaintiff, Minnie Sweeney Barnhart, and defendant Annie Sweeney Epp are sisters, and are the sole legatees and devisees under the will of their brother, John Winston Sweeney. The plaintiff and defendants filed in the court below a stipulation as to the facts and agreed that such stipulation, and instruments filed in connection with such stipulation and mentioned therein, should be considered by the court as

the sole and only evidence on which to base its judgment. The court rendered judgment for the defendants and against plaintiff, and Minnie Sweeney Barnhart has appealed.

Appellant predicates this appeal upon the theory that by virtue of the execution of the deed and will, under the circumstances shown by the stipulation of the parties, a trust relationship was created, and that appellee Mrs. Epp held one-half of the above described property in trust for the benefit of appellant, Mrs. Barnhart, and that by reason of the breach of a confidential relationship on the part of Mrs. Epp a constructive trust should be impressed upon the property. Appellant's theories cannot be sustained under the record in this case.

The deed and the will are both in the record. The deed is in the customary form of warranty deed. It recites a consideration deemed valuable and sufficient in law, contains the usual granting clause, and does "Grant, sell and convey unto the said Annie Sweeney Epp, of Bexar County, Texas, as her sole and separate property and for her separate use and benefit, * * * Lot Fifteen (15), in Block three (3), New city block Six hundred ninety three (693), known as 226 Wyoming Street, San Antonio, Texas, together with all improvements thereon." It contains the usual habendum and warranty clauses and also the reservation shown in paragraph 7 of the stipulation, i. e., a life estate in the grantor.

The execution of this deed was followed by actual manual delivery of the property by the grantor to the grantee, and vested in her full and complete fee simple title, subject to the life estate reserved by the grantor, unless it is burdened with a trust as contended by appellant.

In this case the stipulation of the parties is clear and unambiguous. It shows that, after the execution and delivery of the deed and after title to the property had passed out of him, the grantor at-

tempted to make a testamentary disposition of the same property. There is not a scintilla of evidence that the making of the deed and will were one contemporaneous transaction. There is no evidence that the grantee, Mrs. Epp, agreed to hold the property in trust, under the terms of the will. In fact, there is no evidence in the record that Mrs. Epp knew of the existence of the will at the time she accepted delivery of the deed, nor even during the lifetime of her brother, John Winston Sweeney. Moreover, there is no evidence of any understanding between either of the parties that the deed was to be other than a complete conveyance of the fee simple title to the property.

Under the facts presented in the instant case, the decision of the Supreme Court in Ragland v. Kelner, 148 Tex. 132, 221 S.W.2d 357, 359, is controlling. In the Ragland case, on March 22, 1940, Bess Lasswell executed a deed naming her brother, W. A. Chenoweth, as grantee. However, she retained the deed in her possession, and in August, 1943, delivered it to a friend, Mrs. Mahurin, with instructions, "if anything happens to me, I want you to send this deed to W. A. Chenoweth, who lives in the state of California." On November 24, 1945, she executed a will in which she bequeathed the same property to Joe Kelley, one of the defendants. After her death in 1946, the will was duly probated. The facts further showed that nothing was said to Mrs. Mahurin by Mrs. Lasswell about returning the deed to her, should she so request. The Supreme Court, in reversing a judgment holding that the deed in question was testamentary in character and was revoked by the will executed later, said:

"Much has been written upon this question, but we need cite only a few selected cases from our own jurisdiction. Our view is that, as a matter of law, Mrs. Kelner[1] delivered the deed to this property to W. A. Chenoweth,

to become effective upon her death, when she manually delivered it to Mrs. Mahurin. This conclusion, we think, is required by the decisions in Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Davis v. Bond, 138 Tex. 206, 158 S.W.2d 297; and Earl v. Mundy, Tex. Civ.App., 227 S.W. 970, writ refused. The conclusion is strengthened by a consideration of Eckert v. Stewart, Tex.Civ.App., 207 S.W. 317, writ refused, a case in which the grantor retained the right to recall the deed at any time."

The Court further said:

"From this conclusion it follows that her subsequent attempt to devise this property by will to respondent was ineffective, because title had already passed from her; and evidence that she offered it for sale, being in disparagement of her deed, was incompetent. Henry v. Phillips and Davis v. Bond, supra."

The cases cited by appellant are readily distinguishable from the instant case.

In Pyron v. Brownfield, Tex.Civ.App., 238 S.W. 725, a previous verbal agreement to enter in to a joint venture to buy a tract of land and take title in the name of one of the parties, but which all should own, was, after acquiring the land, reduced to writing and signed by all the parties. The Court held that a trust may be engrafted on a legal title by a writing at any time. In the instant case there is no evidence of any previous agreement by Mrs. Epp to hold the property in trust, nor was the subsequent writing executed by her.

In Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256, the Court distinguished an express trust from a constructive trust, where the facts were that the alleged trustee breached an agreement between the parties to take title to an oil and gas lease in the names of all the parties, by taking

<hr>

1. Mrs. Lasswell and Mrs. Kelner are one and the same person, she having married Eugene A. (Bob) Kelner at the time the will was executed.

title in his own name only and refusing to convey the other parties their interest in the lease. The Court held that this agreement created a constructive trust and could be enforced, notwithstanding the provisions of the Texas Trust Act requiring the agreement creating an express trust to be in writing. The distinction between the Fitz-Gerald case and the instant case is that here there is no agreement shown to have been entered into by Mrs. Epp to hold the property in trust, and hence there could be no breach.

In this case the record fails to show any right of appellant to recover.

The judgment is affirmed.