Cyril C. BENNETT, Appellant,

v.

Nellie MINGS, Appellee.

No. 8321.

Court of Civil Appeals of Texas, Texarkana.

March 23, 1976.

Rehearing Denied April 20, 1976.

Lowell C. Holt, Gilmer, for appellant.

Hollie G. McClain, Gilmer, for appellee.

RAY, Justice.

This is a trespass to try title suit. Nellie Mings (plaintiff), appellee, brought suit against Cyril C. Bennett (defendant) appellant, seeking the cancellation of a deed dated September, 1972, and recorded in Vol. 359, pages 101–103, Deed Records of Upshur County, Texas, from Nellie Mings as grantor to Cyril C. Bennett as grantee. Upon a jury verdict favorable to Mrs. Mings, the trial court entered its judgment ordering the deed cancelled as being null and void and that Mrs. Mings recover the title and possession of the property described in the deed. The trial court overruled appellant's amended motion for new trial. Appellant has perfected his appeal to this court and now submits five points of error for our consideration.

Appellant Bennett contends that the appellee failed to introduce any evidence to support the jury finding that Mrs. Mings did not intend for the deed to become operative as a conveyance, or in the alternative, that the evidence was insufficient to support the jury's verdict.

The evidence shows that on September 7, 1972, Nellie Mings, a lady ninety-one years of age at that time, signed a warranty deed conveying a tract of land with her home and furnishings located thereon, to her nephew, Cyril C. Bennett. Manual delivery of the deed was made to appellant and he put it in his safety deposit box. In December of 1973, appellee requested the return of the deed and appellant Bennett returned it to Mrs. Mings. A few days later, Bennett regained possession of the deed and recorded it. Upon learning of this, Mrs. Mings again demanded return of her deed, and upon Bennett's refusal, she brought this suit. The evidence is undisputed that originally both parties agreed that the deed would not be recorded until Mrs. Mings' death and that "delivery" was not then complete. Appellant stated that the deed still belonged to Mrs. Mings though he had it in his safety deposit box. Bennett testified that he got the deed the second time with the permission of Mrs. Mings because she wanted things cleared up before her death. Mrs. Mings testified that she surrendered the deed to Bennett only with the permission that he could use the deed for security, but that under no circumstances was the deed to be recorded. She further testified that she gave up the deed under Bennett's insistent demand and that she was put in fear.

Appellant contends that once there has been a complete and effective delivery of a deed, the delivery is absolute and unconditional and is operative immediately.

The jury found that Mrs. Mings signed the deed, but that Mrs. Mings did not intend the deed to become operative as a conveyance of her land, home and furnishings when it was delivered to Bennett and further, the jury found that no consideration was paid to Mrs. Mings.

▬ Whether a deed has been delivered is a question for the jury's determination, *Ragland v. Kelner,* 148 Tex. 132, 221 S.W.2d 357 (1949), and the question is primarily one of the grantor's intent. *Taylor v. Sanford,* 108 Tex. 340, 193 S.W. 661 (Tex. 1917); *Henry v. Phillips,* 105 Tex. 459, 151 S.W. 533 (1912).

▬ In order to constitute delivery, a deed of conveyance must be placed in the

hands of the grantee, or within his control, with the intention that it is to become presently operative as a conveyance. Without such intention manual delivery to the grantee is insufficient to pass title. *Bell v. Rudd,* 144 Tex. 491, 191 S.W.2d 841 (1946); *Coleman v. Easton,* 249 S.W. 200 (Tex.Com. App.1923).

The issue in the present case is whether or not at either time Bennett obtained possession of the deed that Mrs. Mings intended that the deed become immediately operative as a conveyance. The evidence is clear that when Bennett obtained possession of the deed the first time that neither he nor Mrs. Mings felt that the deed constituted such delivery as to become immediately operative as a conveyance and Bennett so testified. However, when Bennett obtained the deed the second time he testified that she gave him the deed with permission to record it. Her testimony is in direct conflict with his and the jury could have properly inferred that Mrs. Mings gave Bennett the deed out of fear or that she let Bennett use the deed as security, but with no present intent that it become immediately operative as a conveyance. We conclude that it was the duty of the jury to weigh the conflicting evidence, as it did, and to determine whether the requisite intent was present for the conveyance to be effective when Bennett obtained possession of the deed the second time. We have reviewed the evidence and hold that the jury was justified in finding that Mrs. Mings did not intend the deed to become operative as a conveyance of her land, home and furnishings. Appellant's first and second points of error are overruled.

We have reviewed appellant's third and fourth points of error and conclude that the jury was justified in finding that no consideration was paid to Mrs. Mings for the alleged purchase of the property.

Appellant contends that appellee did not prove common source of title. We find no merit in appellant's point. "The plaintiff is the common source of title where the defendant deraigns title from him. Accordingly, it has been held, notwithstanding a plea of not guilty by a defendant, that the plaintiff need not prove title in himself from the sovereignty of the soil where it appears that the title asserted by the defendant emanated from the plaintiff. In such a case the plaintiff is not required to deraign title beyond himself as a common source." 56 Tex.Jur.2d, Trespass to Try Title, sec. 26. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.