Ignacio VASQUEZ, Jr., Individually, and as Executor of the Estate of Juanita Vasquez Carr, Deceased, and Jose Daniel Vasquez, Appellant,

v.

Brigido VASQUEZ, Appellee.

No. 13–96–318–CV.

Court of Appeals of Texas, Corpus Christi.

March 26, 1998.

Rehearing Overruled April 30, 1998.

Fred Galindo, Brownsville, for appellant.

Peter C. Gilman, Brownsville, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

The issue in this case is whether the delivery of a signed deed to one's attorney with instructions to deliver said deed to the grantee upon the grantor's death constitutes adequate delivery, thus rendering the grantee the rightful owner of the subject property.

The trial court found a valid delivery, and ruled that title to the subject property was quieted in appellee. Appellant, in nine points of error, challenges the trial court's ruling. We affirm.

## Factual Background

The facts of this case are undisputed. On July 29, 1992, Juanita Vasquez Carr, the unquestioned owner of the property at issue, executed a will naming Ignacio Vasquez as her independent executor, and Ignacio and Jose Vasquez, appellants, sole beneficiaries. Thereafter, on February 6, 1993, Juanita Vasquez Carr executed a quitclaim deed granting the same property to Brigido D. Vasquez, appellee. Juanita left the quitclaim deed in the custody of her attorney with instructions not to file it and not to tell anybody about it, including appellee, until after her death. Juanita continued with the uninterrupted possession, use, and benefit of the subject property until her death on September 29, 1993.

Upon her death, Juanita's attorney, Michael George, mailed the quitclaim deed to the appropriate county clerk for filing. The deed was recorded on October 6, 1993, and soon thereafter, appellee was notified as to the existence of the deed.

On January 13, 1994, Juanita's last will and testament was filed and admitted to probate. On February 21, 1994, under the terms of the will, appellant Ignacio Vasquez, as the duly appointed and qualified independent executor of Juanita's estate, executed a special warranty deed conveying the property in question to appellants.

The question soon arose: who is the rightful owner of the property in question? The case was submitted to the trial court on stipulated facts as recited above. The trial court, after hearing the evidence and arguments of counsel, found that the deed from Juanita Vasquez Carr was delivered when it was tendered to Juanita's attorney, thus transferring the real property to appellee as of February 6, 1993. This finding was set out in the trial court's conclusions of law. Appellants bring this appeal.

In nine points of error, appellants argue that the judgment is contrary to the law because there was no effective delivery of the deed, and as such, the deed was ineffective to pass title to the property to appellee. Because all nine points raise essentially the same issue and are argued together by appellants, we too will address all points together.

## Discussion

■■■ While the question of whether there has in fact been a delivery is a question of fact, the question of what constitutes a delivery is a question of law. *Ragland v. Kelner*, 148 Tex. 132, 221 S.W.2d 357, 359 (1949). In this case, the facts regarding the delivery of the deed have been stipulated, and only the question of what legal effect is to be given those facts is before us. The trial court found, in its conclusions of law, that "[t]here was a valid delivery of same [the deed] to a third party, Michael D. George, her attorney, when Juanita Vasquez Moore Carr left instructions with Michael D. George to file said Quitclaim Deed and notify Brigido D. Vasquez after her death." We must uphold this conclusion on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Kotis v. Nowlin Jewelry, Inc.*, 844 S.W.2d 920, 922 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, writ denied).

■■■ It is elementary that a deed must be delivered, as that term is legally interpreted, in order to be an effective transfer of the ownership of land. In determining whether a deed has been effectively delivered when said deed is placed in the control of a third person, the question is whether the grantor parted with all dominion and control over the instrument at the time she delivered it to the third person with the intent that it take effect as a conveyance at the very time of delivery. *Ragland*, 221 S.W.2d at 359; *Stout v. Clayton*, 674 S.W.2d 821, 825 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). Thus, the issue before us in this case is whether the evidence supports a finding that Juanita intended to relinquish all dominion

and control over the quitclaim deed at the time she delivered it to her attorney. *See Stephens County Museum, Inc., v. Swenson*, 517 S.W.2d 257, 262 (Tex.1974)(question of delivery of deed controlled by intent of grantor); *Raymond v. Aquarius Condominium Owners Ass'n, Inc.*, 662 S.W.2d 82, 91 (Tex.App.—Corpus Christi 1983, no writ).

It is undisputed that Juanita signed the quitclaim deed and gave the deed to her attorney with specific instructions. According to her attorney, those instructions were to keep the existence of the deed a secret, to keep it in his custody, and to file and deliver the deed to the named grantee after Juanita's death. There was no mention in those instructions of Juanita's power to recall the deed. In fact, when questioned by appellants' attorney as to whether Juanita instructed her attorney to "keep that until I die *or until I give you instructions otherwise,*" Juanita's attorney responded, "Well, no. I keep the deed, and then I'm not to tell anybody or file it or do anything until after they've spewed her ashes."

Appellants, however, point to (1) the fact that Juanita retained possession and control of the subject property, and (2) the testimony of Juanita's attorney, as evidence that Grantor did not surrender complete control at time of delivery to attorney.

■ It is true that Juanita retained possession of the subject property until her death. However, possession is not determinative. Where the grantor delivers a deed to a third person with the intent to part with all control, the legal effect of the transaction is tantamount to a delivery of the deed to the grantee, conveying him the fee while reserving for the grantor the use and enjoyment of the land during his natural life. *See Ragland*, 221 S.W.2d at 360 (present transfer with right of possession, use, and enjoyment of the property remaining in grantor during her lifetime); *Stout*, 674 S.W.2d at 825 (valid delivery found despite evidence that grantor claimed ownership and occupied the property until her death).

Appellants further argue that Juanita, by delivering the deed to *her* attorney, retained the control and right of disposition of the quitclaim deed for the remainder of her life.

In support of their argument, appellants point to the testimony of Michael George, Juanita's attorney. During trial, George was called as a witness by deposition. George, under examination by appellants' attorney, testified as follows:

Q: If two months after she signed that quitclaim deed she would have called you and said, "look, I need the quitclaim deed," what would you have done with it? Would you have given it to her?

A: I don't know. I mean, she was my client. I guess if I'm her ...

Q: That was going to be my next question here. The bottom line is you were her legal advisor?

A: That's correct.

Q: And you were going to do whatever . . .

A: The client tells me, within reason.

Q: Within reason, within the law?

A: Yes, sir.

Q: All right. And you were ready, willing, and able to carry out her wishes and desires, and as far as you did, you tried. Is that correct sir?

A: I did everything that she asked.

. . .

Q: Did she tell you, well, do not tell anybody. Tell my brother after I am dead, but keep the deed unless I ask for it? Did she say that?

A: She told me to take these documents back, that I was to keep them, not to tell anybody about it, and, you know, when she died I was to file it, tell her brother, and that was basically it. And I mean, you know, like you asked me earlier, I would have had to under the ethical rules given it back to her if she had asked for it.

It is clear from this testimony that Juanita retained the *power* to reclaim the deed. Such testimony, however, does not bear on Juanita's intent to relinquish control of the deed. *Taylor v. Sanford*, 108 Tex. 340, 193 S.W. 661, 662 (Tex.1917); *Muller v. Killam*, 229 S.W.2d 899, 904 (Tex.Civ.App.—El Paso 1949, no writ) ("The fact that she had the

power to recall the deed is of no consequence [to the issue of grantor's intent]").

■ The only evidence in the record bearing directly on Juanita's intent to deliver the deed in question shows that Juanita executed the deed, and handed it over to her attorney with specific instructions to deliver the deed to appellee on her death without reserving a right to recall the deed. When a grantor delivers a deed to a third person without a reservation of a right to recall it, and instructs the third person to deliver it to the grantee on the grantor's death, he thereby makes an effective delivery as a matter of law. *Ragland,* 221 S.W.2d at 360.

Accordingly, we agree with the trial court's conclusion that the deed was effectively delivered by Juanita when she tendered the deed to her attorney on February 6, 1993. Accordingly, we overrule all points of error and affirm the judgment of the trial court.